■ PAUL, WEISS, RIFKIND, WHARTON & GARRISON, Respondent, v SKELGAS GROUP, INC., Appellant.—Order, Supreme Court, New York County (Harold Baer, Jr., J.), entered December 2, 1991, which, insofar as appealed from, denied defendant's motion for summary judgment, unanimously affirmed, with costs.

An issue of fact as to whether plaintiff law firm is a third-party beneficiary of defendant's contract with Drexel Burnham Lambert exists by reason of a provision thereof requiring defendant to pay Drexel's out-of-pocket expenses, including counsel fees. That the agreement contemplated direct payment to Drexel for its out-of-pocket expenses does not necessarily preclude a finding that the parties to the contract intended plaintiff to be a third-party beneficiary where the

contract elsewhere provided that it was for the benefit of, *inter alia,* Drexel's agents. Furthermore, since questions of fact exist as to whether defendant requested and benefited from the legal services provided by plaintiff, the causes of action based on the theories of implied contract and quantum meruit are not subject to dismissal. Concur—Sullivan, J. P., Ellerin, Wallach, Kupferman and Ross, JJ.